UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GOYARD ST-HONORE,

        Plaintiff,

vs.

ELVIN LEUNG a/k/a ELVIN LIANG a/k/a
CHRISTOPHER WANTON, an individual,
d/b/a THE SELLER IDENTIFICATION
NAMES IDENTIFIED ON SCHEDULE "A"
and DOES 1-10,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Goyard St-Honore ("Goyard" or "Plaintiff") hereby sues Defendants, Elvin Leung a/k/a Elvin Liang a/k/a Christopher Wanton, an individual, doing business under the seller identification names identified on Schedule "A" hereto ("Leung") and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Goyard's trademarks within this district through, at least, the fully interactive, commercial Internet based e-commerce stores under the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Goyard alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, federal dilution, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a) and (c), and The All Writs Act, 28 U.S.C § 1651(a). Accordingly, this Court has subject matter jurisdiction over this

action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Goyard's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers within the State of Florida and this district through at least the Internet based e-commerce stores under their Seller IDs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this district. Defendants have also advertised, offered for sale, and made sales and shipped and/or sold infringing products into this district.

## THE PLAINTIFF

4. Goyard is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 16 place Vendôme in Paris, France 75001. Goyard is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 15 below. Defendants' offers to sell and sales of counterfeit and infringing Goyard branded products are causing damage to Goyard within this district. Defendants, through the sale and offering for sale of counterfeit and infringing Goyard branded products, are directly, and unfairly, competing with Goyard's economic interests in the State of Florida and causing Goyard harm within this jurisdiction.  Goyard regularly enforces its intellectual property rights and authorized this action be brought in its name.

5. Like many other famous trademark owners in the luxury goods market, Goyard suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Goyard's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Goyard name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6. In order to combat the harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Goyard expends significant monetary resources in connection with trademark enforcement efforts.

## THE DEFENDANTS

7. Defendant Leung is an individual who, upon information and belief, is a resident of either Shanghai in the People's Republic of China or Los Angeles, California, or may split his time between these two cities.  Defendant Leung uses "Elvin Liang" and "Christopher Wanton" as aliases in connection with the operation of his business. Defendant conducts his business throughout the United States, including within this district through the operation of, at least, the fully interactive, commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs, as identified on Schedule "A."  Upon information and belief, Defendant Leung is directly engaging in the sale of counterfeit and infringing products within this judicial district as alleged herein.

8. Goyard is presently unaware of the true names of Does 1-10, although they are generally identified as the suppliers or owners, operators, partners, managing agents and/or co-

conspirators of the named Defendant. Goyard will amend this Complaint upon discovery of the identities of such fictitious Defendants.

9. Defendants are the past and present controlling forces behind the sale of counterfeit and infringing products bearing Goyard's trademarks as described herein operating and using at least the Seller IDs.

10. Upon information and belief, Defendants directly engage in unfair competition with Goyard by advertising, offering for sale, and selling goods bearing counterfeits and infringements of Goyard's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs. Upon information and belief, Defendants also operate additional Internet based e-commerce stores which promote and offer for sale counterfeit and infringing goods under seller identification names not yet known to Goyard. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and\or shipment of counterfeit Goyard branded goods into the State.

11. Defendants have registered, established or purchased, and maintained the Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce stores where they sell during the registration or maintenance process. Upon information and belief, Defendants have anonymously registered and maintained the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

12. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing

4

counterfeit and confusingly similar imitations of Goyard's trademarks unless preliminarily and permanently enjoined.

13. Defendants' entire Internet-based business amounts to nothing more than an illegal operation established and operated in order to infringe the intellectual property rights of Goyard and others.

14. Defendants' business names, i.e., the Seller IDs, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Goyard's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Goyard. Moreover, Defendants are using Goyard's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Goyard's legitimate consumer marketplace at Goyard's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

15. Goyard is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Goyard Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| GOYARD | 1,821,224 | February 15, 1994 | IC 016 – Office requisites; namely, agendas, repertories, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases sold empty, |

5

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  |  |  | traveling bags, handbags, briefcases, attache cases, briefcase type document cases, toilet cases sold empty, make-up cases sold empty, wallets, hat boxes for travel, business card cases, key cases, draw string pouches, garment bags for travel, necktie cases, umbrellas, saddlebags, saddle covers, and articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |
| (E. Goyard Honore Paris) | 3,418,288 | April 29, 2008 | IC 018 – Bags and traveling sets, namely, traveling bags; garment bags for travel; luggage trunks; valises, vanity cases sold empty, rucksacks, handbags, beach bags, school bags; suitcases, briefcases, pocket wallets, purses, not of precious metal, leather key cases; business card cases; umbrellas, parasols, walking sticks. |
|  | 4,036,898 | October 11, 2011 | IC 003 – Toilet soap; perfumes; eau de toilette and eau de cologne; cosmetic preparations; essential oils for personal use; cosmetic milks; lotions for face and body care; cosmetic creams; emulsions for cosmetic use; shampoos; gels to be used on the face and body for aesthetic purposes; deodorants for personal use.<br><br>IC 009 – Spectacles; spectacle frames; sunglasses; spectacle cases; photographic apparatus, namely, cameras.<br><br>IC 014 – Precious metals and their alloys, other than for dental use; goods made of precious metals and their alloys, other than for dental use, in the nature of jewelry, namely, rings, earrings, bracelets, charms, chains, watch chains, necklaces, pins, ornaments, fashion pins, ring bands; goods made of precious metals and their alloys, other than for dental use, namely, buckles of precious metal, hat ornaments of precious metal, jewellery cases of precious |

6

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | metal, jewellery caskets of precious metal; jewellery, precious stones, semi-precious stones, jewelry in the nature of pearls, horological and chronometric instruments; watches, watch straps, wristwatches; boxes for watches, jewelry boxes; cuff links.<br><br>IC 018 – Goods of leather and imitations of leather, namely, travelling bags, travelling sets comprised of luggage, and garment bags for travel; trunks; suitcases; unfitted vanity cases; rucksacks; handbags; sports bags; beach bags; school bags; attaché cases; document cases; briefcases; school satchels; under-arm bags, namely, handbags; leather goods, namely, wallets, purses not of precious metal, leather key cases, card holders for wallets; umbrellas; parasols; sunshade parasols; walking sticks.<br><br>IC 024 – Fabrics for textile use; textile goods, namely, bath linen not for clothing, household linen, bed linen, textile table linen, bathroom linen of textile, handkerchiefs of textile.<br><br>IC 025 – Clothing for men, women and children, namely, dresses, skirts, petticoats, culottes, ladies' suits, trousers, shorts, Bermuda shorts, swimming drawers, shirts, ladies' shirts, blouses, tee-shirts, sweatshirts, waistcoats, jackets, cardigans, pullovers, sweaters, parkas, anoraks, coats, gaberdines, raincoats, furs, sashes for wear, shawls, scarf, gloves, neckties, belts, socks, stockings, tights, underwear, pajamas, dressing gowns, swimsuits, bath robes; footwear, except orthopedic footwear, namely, shoes, sandals, boots, half-boots, boot liners, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | slippers; hats, berets, caps.<br><br>IC 028 – Games, namely, chess games; gymnastic and sporting articles not included in other classes, namely, baseball gloves, bats for games, boxing gloves, golf gloves, golf clubs, golf bags; decorations for Christmas trees. |

The Goyard Marks are used in connection with the manufacture and distribution of high quality luxury goods in the categories identified above.  True and correct copies of the Federal Registrations for the Goyard Marks listed above are attached hereto as Composite Exhibit "A."

16. The Goyard Marks have been used in interstate commerce to identify and distinguish Goyard's high quality goods for an extended period of time.

17. The Goyard Marks are symbols of Goyard's quality, reputation and goodwill and have never been abandoned.

18. Further, Goyard has expended substantial time, money and other resources developing, advertising and otherwise promoting the Goyard Marks. The Goyard Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

19. Goyard has extensively used and promoted the Goyard Marks in the United States in association with the sale of high quality products. Goyard has spent millions of dollars promoting the Goyard Marks and products bearing the Goyard Marks. In recent years, annual sales of products bearing the Goyard Marks have totaled in the hundreds of millions of dollars within the United States.

20.     As a result of Goyard's efforts, members of the consuming public readily identify merchandise bearing or sold under the Goyard Marks as being high quality merchandise sponsored and approved by Goyard.

21.     Accordingly, the Goyard Marks have achieved secondary meaning as identifiers of high quality products.

22.     Goyard has carefully monitored and policed the use of the Goyard Marks and has never assigned or licensed the Goyard Marks to any of the Defendants in this matter.

### **Defendants' Infringing Activities**

23.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including shirts, shorts, jackets, sweatshirts, footwear, and hats, in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of at least some of the Goyard Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the Goyard Marks for different quality goods. Goyard has used the Goyard Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Goyard's merchandise.

24.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Goyard's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Goyard, despite Defendants' knowledge that they are without authority to use the Goyard Marks. The net effect of Defendants' actions will cause confusion of consumers who will believe Defendants'

Counterfeit Goods are genuine goods originating from, associated with, and approved by Goyard.

25. Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet websites using at least the Seller IDs. In so advertising these goods, Defendants use the Goyard Marks without Goyard's permission. The misappropriation of Goyard's intellectual property rights as to the Goyard Marks is the proximate cause of damage to Goyard.

26. Upon information and belief, Defendants are conducting and targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Goyard and the consuming public for Defendants' own benefit.

27. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Goyard's ownership of the Goyard Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

28. Defendants' use of the Goyard Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Goyard's consent or authorization.

29. Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Goyard's rights for the purpose of trading on Goyard's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Goyard and the consuming public will continue to be harmed.

30. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Goyard's genuine goods and Defendants' Counterfeit Goods, which there is not.

31. Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Goyard.

32. Goyard has no adequate remedy at law.

33. Goyard is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Goyard Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Goyard and the consuming public will continue to be harmed.

34. The harm and damages sustained by Goyard have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

35. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Goyard

11

Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

37. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and infringements of one or more of the Goyard Marks. Defendants are continuously infringing and inducing others to infringe the Goyard Marks by using them to advertise, promote and sell counterfeit and infringing goods.

38. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

39. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Goyard and are unjustly enriching the Defendants at Goyard's expense.

40. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Goyard Marks in violation of Goyard's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Goyard has suffered and will continue to suffer irreparable injury due to the Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

42. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

43. Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of the Goyard Marks have been widely advertised and distributed throughout the United States.

44. Defendants' Counterfeit Goods bearing, offered for sale and sold under copies of the Goyard Marks are virtually identical in appearance to Goyard's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

45. Defendants, upon information and belief, have used in connection with their sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Goyard's detriment.

46. Defendants have authorized infringing uses of the Goyard Marks in Defendants' advertisement and promotion of their counterfeit and infringing goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

47. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Goyard has no adequate remedy at law, and has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, Goyard will

continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III – FEDERAL DILUTION
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

49. Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

50. The Goyard Marks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively by Goyard for decades. By reason of Goyard's extensive use, the Goyard Marks have become highly distinctive of Goyard's high quality luxury goods, and are uniquely associated with Goyard. The Goyard Marks were famous long before Defendants offered for sale or sold the Counterfeit Goods.

51. Defendants' unauthorized importation, promotion, distribution, offer for sale, and sale of their Counterfeit Goods will dilute and tarnish Goyard's reputation and injure the value of the Goyard Marks to Goyard as indicators of the high quality luxury goods that consumers have come to expect from Goyard.

52. Defendants' conduct is diluting and is likely to dilute the Goyard Marks by impairing the distinctiveness of the Goyard Marks, in violation of 15 U.S.C. § 1125(c).

53. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the Goyard Marks, and cannot assert any rights in the Goyard Marks that are prior to Goyard's rights.

54. Defendants' conduct has caused and is causing immediate and irreparable injury to Goyard and will continue to both damage Goyard and deceive the public unless enjoined by this Court. Goyard has no adequate remedy at law.

## COUNT IV - COMMON LAW UNFAIR COMPETITION.

55.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

56.     This is an action against Defendants based on their promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Goyard Marks in violation of Florida's common law of unfair competition.

57.     Specifically, Defendants are promoting and otherwise advertising, offering for sale, selling, and distributing goods bearing counterfeits and infringements of the Goyard Marks. Defendants' unauthorized use of the Goyard Marks is for the willful and calculated purpose of 1) misappropriating and trading on Goyard's goodwill and business reputation and 2) causing confusion and mistake among the public and the trade, and of deceiving the public and the trade as to the nature and origin of Defendants' products, in violation of Goyard's rights under the common law of the State of Florida.

58.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Goyard Marks.

59.     Goyard has no adequate remedy at law and is suffering irreparable injury as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

60.     Goyard hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

61. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Goyard Marks. Goyard is the owner of all common law rights in and to the Goyard Marks.

62. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Goyard Marks.

63. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Goyard Marks.

64. Goyard has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

65. WHEREFORE, Goyard demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

   a. Entry of temporary, preliminary, and permanent injunctions pursuant to Federal Rule Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Goyard Marks; from using the Goyard Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that

may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Goyard; from falsely representing themselves as being connected with Goyard, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Goyard; from using any reproduction, counterfeit, copy, or colorable imitation of the Goyard Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Goyard, or in any way endorsed by Goyard and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Goyard's name or trademarks and from otherwise unfairly competing with Goyard.

   b. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, requiring the Seller IDs, and any other alias seller identification names being used by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Goyard Marks be disabled by the applicable governing Internet marketplace platform.

   c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that, upon Goyard's request, the top level domain (TLD) Registry for each of the websites and any other domain aliases used by Defendants or their administrators, including backend registry operators or administrators, place Defendants' websites on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the

17

TLD zone files which link those websites to the IP addresses where the associated websites are hosted.

        d.       Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Goyard's election, transferring the domain names used by Defendants to engage in their counterfeiting of the Goyard Marks at issue to Goyard's control so they may no longer be used for illegal purposes.

        e.       Entry of an Order requiring Defendants to account to and pay Goyard for all profits and damages resulting from Defendants' trademark infringing and counterfeiting and unfairly competitive activities and that the award to Goyard be trebled, as provided for under 15 U.S.C. §1117, or, at Goyard's election with respect to Count I, that Goyard be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

        f.       Entry of an award of Goyard's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        g.       Entry of an Order requiring all funds, including any funds restrained, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Seller IDs or other alias domains, seller identification, and e-commerce store names used by Defendants, including PayPal, Inc., Stripe, Inc., and any other financial institution, bank, and\or payment processing accounts, to be surrendered to Goyard in partial satisfaction of the monetary judgment entered herein.

        h.       Entry of an award of pre-judgment interest on the judgment amount.

     i.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: November 30, 2015.   Respectfully submitted,

             STEPHEN M. GAFFIGAN, P.A.

             By: **s/Stephen M. Gaffigan**
             Stephen M. Gaffigan (Fla. Bar No. 025844)
             Virgilio Gigante (Fla. Bar No. 082635)
             T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
             401 East Las Olas Blvd., Suite 130-453
             Ft. Lauderdale, Florida 33301
             Telephone: (954) 767-4819
             Facsimile: (954) 767-4821
             E-mail: Stephen@smgpa.net
             E-mail: Leo@smgpa.net
             E-mail: Raquel@smgpa.net

             Attorneys for Plaintiff
             GOYARD ST-HONORE

## SCHEDULE "A"
## DEFENDANT'S SELLER IDs

| Seller ID | Marketplace Platform |
|---|---|
| christopher-wanton.com | Internet website |
| christopher wanton<br>http://www.storenvy.com/stores/651715-christopher-wanton | Storenvy.com |
| ChristopherWanton<br>https://www.etsy.com/shop/ChristopherWanton | Etsy.com |
| christopherwanton<br>@Christopher WANTON<br>https://www.instagram.com/christopherwanton | Instagram |
| Christopher WANTON<br>https://christopherwantonofficial.tumblr.com | Tumblr.com |